UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN R. GARITY,<br><br>                    Plaintiff,<br><br>      v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>                    Defendant. | CASE NO.    C04-5554RJB<br><br>ORDER |

This matter comes before the Court, on the Report and Recommendation (Dkt. 15) of Judge Karen L. Strombom, United States Magistrate Judge. The Court has considered the Report and Recommendation (Dkt. 15), Plaintiff's Objections (Dkt. 16), Defendant's Response to Plaintiff's Objections to Report and Recommendation (Dkt. 17) and the file herein.

The facts are throughly related in the Report and Recommendation and will not be repeated here. This opinion will now address Plaintiff's objections to the Report and Recommendation. Plaintiff objects to Judge Strombom's finding regarding the Administrative Law Judge's ("ALJ") treatment of Dr. Newell-Eggert's June 3, 2002 physical evaluation form. Dkt. 16.

In the form, Dr. Newell-Eggert opines that the exertional work level Plaintiff can perform is sedentary (defined in the form as able "to lift 10 pounds maximum and frequently lift and/or carry such articles as dockets, ledgers, and small tools") to severely limited (defined in the form as "unable to lift at least 2 pounds or unable to stand and/or walk"). Tr. 366. In response to the question "[a]re there any

ORDER
Page - 1

indications of limitation on agility, mobility, or flexibility (e.g. Range of Motion (ROM) studies)?  If yes, please describe:" Dr. Newell-Eggert responded "currently right elbow." *Id.*

The ALJ's decision states "the undersigned has also considered the various medical opinions of record, including the opinions of the clamant's treating physicians. . . . In this case, the claimant sought medical care from many physicians and their opinions vary considerably." Tr. 27.  In regard to Dr. Newell-Eggert the ALJ noted "Dr. Eggert, specializing in rehabilitation medicine, completed one or two forms, with little information other than noting sedentary limitations." *Id.*

The ALJ had specific, legitimate reasons for rejecting Dr. Newell-Eggert's opinion: 1) conflicts between her findings and the findings of other treating physicians and 2) that her opinion was "brief, conclusory and inadequately supported by clinical findings."  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(noting the ALJ is responsible for resolving ambiguities and conflicts in the medical evidence); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(noting the ALJ need not accept the opinion of a treating physician if that opinion is "brief, conclusory and inadequately supported by clinical findings").  The first, conflicts between her opinion and the opinions of other treating doctors, is supported by the ALJ's findings regarding Dr. Stirling, Plaintiff's primary care physician.  The ALJ noted Dr. Stirling found "claimant's right elbow problem was at most a mild impairment" and that Dr. Stirling opined Plaintiff's limitations ranged from sedentary to light.  *Id.*  The ALJ states secondly, that Dr. Newell-Eggert completed forms "with little information other than noting sedentary limitations." Tr. 27.  This will be construed as the ALJ's finding Dr. Newell-Eggert's opinion to be a "brief, conclusory opinion inadequately supported by clinical findings."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  These are specific legitimate reasons, supported by substantial evidence in the record.

Plaintiff argues that "the ALJ incorrectly implied that the record only contained forms from Dr. Newell-Eggert justifying rejection of those opinions, when the record included her evaluation notes in addition to the forms she completed for DSHS." Dkt. 16, at 4.  However, Plaintiff fails to point to any objective medical evidence in those evaluation notes which would support a finding of disability.  Review of Dr. Newell-Eggert's notes indicates that there is none.

Therefore, it is hereby ORDERED that:

(1) The Court **ADOPTS** the Report and Recommendation;

(2) The administrative decision is **AFFIRMED**; and

(3) The Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 25th day of July, 2005.

Robert J. Bryan
United States District Judge